IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM LEE GRANT, II, | ) CIVIL NO. 19-00493 LEK-WRP |
| | ) |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION TO GRANT |
| vs. | ) PLAINTIFF'S APPLICATION TO |
| | ) PROCEED WITHOUT |
| SPECIAL COLLECTION SERVICE, | ) PREPAYMENT OF FEES AND |
| OFFICE OF THE SECRETARY OF | ) DISMISS THE COMPLAINT WITH |
| DEFENSE, MISSILE DEFENSE | ) PREJUDICE |
| AGENCY, AND THE STATE OF | ) |
| ILLINOIS, ET AL., | ) |
| | ) |
| Defendants. | ) |
| | ) |

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S
APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES
AND DISMISS THE COMPLAINT WITH PREJUDICE

Before the Court is Plaintiff William Lee Grant, II's Application to Proceed in District Court Without Prepaying Fees or Costs (Application), filed on September 11, 2019.  See ECF No. 2.

After careful consideration of the Application, the record in this action, and the relevant legal authority, the Court FINDS AND RECOMMENDS that the district court GRANT Plaintiff's Application and DISMISS the Complaint with prejudice.[1]

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written

DISCUSSION

**I. The Court RECOMMENDS that the District Court GRANT Plaintiff's Application**

Courts may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees. See 28 U.S.C. § 1915(a)(1). For purposes of determining whether to grant an application to proceed without prepayment of fees, "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., Inc., 335 U.S. 331, 339 (1948) (internal quotations omitted).

Here, Plaintiff's Application states that he receives $1,400 in public assistance per month. See ECF No. 2 at 1. Further, Plaintiff states that he has $3,000 in savings and has over $2,580 in monthly expenses. Id. at 3. Based on the information provided in Plaintiff's Application, the Court finds that Plaintiff has demonstrated that he is unable to pay court fees at this time and RECOMMENDS that the district court GRANT his Application. See 28 U.S.C. § 1915.

---

objections in the United States District Court. A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

## II.  The Court RECOMMENDS that the District Court DISMISS Plaintiff's Complaint With Prejudice

Courts may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees.  See 28 U.S.C. § 1915(a)(1).  The Court must subject each civil action commenced pursuant to Section 1915(a) to mandatory screening and order the dismissal of any claim that it finds frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss a § 1915(a) complaint that fails to state a claim); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (holding that the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners).

A complaint is frivolous if the plaintiff would not be entitled to relief under any arguable construction of law or fact.  See Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A complaint may be dismissed as frivolous if it is based on "an indisputably meritless legal theory . . . [such as] claims against which it is clear that the defendants are immune from suit, and claims of infringement of a legal interest which clearly does not exist."  Id. at 327.  Allegations are frivolous if they are "clearly baseless," "fanciful," "fantastic," or "delusional."  Id. at 327-28.

Section 1915 "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Neitzke, 490 U.S. at 327).

Here, the Court has reviewed Plaintiff's Complaint and concludes that, even liberally construed, the Complaint must be dismissed as legally and factually frivolous.

In his Complaint, Plaintiff asserts claims for violations of the Fourth, Fifth, Thirteenth, and Fourteenth Amendments to the United States Constitution. See ECF No. 1. The Complaint seeks damages of $99 trillion. Id. ¶ 77. Based on the Court's review of the Complaint, Plaintiff's legal claims are meritless and his factual allegations are "fanciful," "fantastic," or "delusional." See Neitzke, 490 U.S. at 327-28. For example, Plaintiff alleges that former President of the United States of America, Ronald Regan, directed the Secretary of Defense to create Plaintiff to predict future nuclear attacks. Id. ¶ 7. Plaintiff alleges that he was created in the basement of the Pentagon in 1990 with funds from the Strategic Defense Initiative. Id. ¶¶ 8-9. Plaintiff alleges that government agents directed his optometrist to give him an incorrect prescription, directed his dentist to drill the enamel off his teeth, and directed Plaintiff to stab others. Id. ¶¶ 13-15. Plaintiff

also alleges that he was employed with various state agencies in Illinois. Id. ¶¶ 27-36. Plaintiff includes in his Complaint allegations of corruption, rape, and murder involving well-known individuals, including Dick Cheney, Bill Clinton, John F. Kennedy, Kurt Cobain, Malcom X, and O.J. Simpson. Id. ¶¶ 41-68. Plaintiff attached to his Complaint a recent order from the United States District Court for the Central District of Illinois, in which the district court sanctioned Plaintiff and barred him from filing further civil suits in that district. See ECF No. 1-1 at 11. It appears that Plaintiff repeats many of the same factual allegations in this Complaint. See id. at 2. In that decision, the court noted that Plaintiff had filed nearly 100 cases in over fifteen jurisdictions since 2016, not including appeals. Id. at 1, 9 n.5. The court further noted that Plaintiff's only non-frivolous factual allegations related to his employment with Illinois state agencies, "has been raised in almost all of [Plaintiff's] cases" in that court and "has been dismissed time and again." Id. at 5-6.

Based on the Court's review of Plaintiff's Complaint, the Court finds that Plaintiff's legal claims are meritless and his factual allegations are fanciful, fantastic, or delusional. Accordingly, the Court RECOMMENDS that Plaintiff's Complaint be DISMISSED. Further, the Court FINDS that it is clear that no amendment can cure the defects detailed above and RECOMMENDS that Plaintiff's Complaint be DISMISSED WITH PREJUDICE. See Lucas v. Dep't of

Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("[u]nless it is absolutely clear that no amendment can cure the defect . . . , a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend"); see also Lopez, 203 F.3d at 1127.

## CONCLUSION

Based on the foregoing, the Court FINDS AND RECOMMENDS that the district court GRANT Plaintiff's Application to Proceed Without Prepayment of Fees and DISMISS Plaintiff's Complaint WITH PREJUDICE.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, SEPTEMBER 16, 2019.



Wes Reber Porter
United States Magistrate Judge

**GRANT V. SPECIAL COLLECTION SERVICE, ET AL.; CIVIL NO. 19-00493 LEK-WRP; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND DISMISS THE COMPLAINT WITH PREJUDICE**