UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM LEE GRANT II,<br><br>        Plaintiff,<br><br>  vs.<br><br>SPECIAL COLLECTION SERVICE, OFFICE OF THE SECRETARY OF DEFENSE, MISSILE DEFENSE AGENCY, AND THE STATE OF ILLINOIS,<br><br>        Defendants. | CIV. NO. 19-00493 LEK-WRP |

**ORDER DENYING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND DISMISS THE COMPLAINT WITH PREJUDICE**

On September 16, 2019, the magistrate judge filed his Findings and Recommendation to Grant Plaintiff's Application to Proceed without Prepayment of Fees and Dismiss the Complaint with Prejudice ("F&R"). [Dkt. no. 5.] On September 26, 2019 pro se Plaintiff William Lee Grant II ("Plaintiff") filed his objection to the F&R ("Objection"). [Dkt. no. 6.] The Court has considered the Objection as a non-hearing matter pursuant to Rule LR7.1(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). Plaintiff's Objection is hereby denied, and the F&R is hereby adopted for the reasons set forth below.

**BACKGROUND**

On September 10, 2019, Plaintiff filed his Civil Liberties Complaint ("Complaint") alleging federal question jurisdiction. [Dkt. no. 1.] Plaintiff seeks $99 trillion in damages. [Complaint at ¶ 77.] On September 11, 2019, Plaintiff filed his Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). [Dkt. no. 2.] Here, the magistrate judge screened the Complaint in accordance with § 1915(e)(2)(B) and determined Plaintiff's "legal claims are meritless and his factual allegations are fanciful, fantastic, or delusional." [F&R at 5.] The magistrate judge recommended dismissing the Complaint with prejudice because it is legally and factually frivolous. [Id. at 3-4 (some citations omitted) (citing Neitzke v. Williams, 490 U.S. 319, 325, 327-28 (1989)).] The magistrate judge also recommended that the district court grant Plaintiff's Application to the extent Plaintiff requested to proceed in forma pauperis. [Id. at 6.]

In the instant Objection, Plaintiff alleges "[e]ighteen (18) district courts have not found [Plaintiff's] allegations to be: 28 U.S.C. 1915(e)(2)(B)(i); 28 U.S.C. 1915(e)(2)(B)(ii); or 28 U.S.C. 1915(e)(2)(B)(iii)." [Objection at 1 (emphasis omitted).] Plaintiff also makes a series of allegations regarding sovereign immunity and proceedings in other courts. See id. at 1-2. Plaintiff has not objected to

the magistrate judge's recommendation that Plaintiff's Application to proceed without prepaying fees and costs be granted, therefore, that portion of the F&R is hereby adopted.

**STANDARD**

This Court reviews a magistrate judge's findings and recommendations under the following standard:

> When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also United States v. Raddatz, 447 U.S. 667, 673 (1980); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise.").
>
> Under a de novo standard, this Court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." Freeman v. DirecTV, Inc., 457 F.3d 1001, 1004 (9th Cir. 2006); United States v. Silverman, 861 F.2d 571, 576 (9th Cir. 1988). The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects. United States v. Remsing, 874 F.2d 614, 616 (9th Cir. 1989).

Muegge v. Aqua Hotels & Resorts, Inc., Civil 09-00614 LEK-BMK, 2015 WL 4041313, at *2 (D. Hawai`i June 30, 2015) (alteration in Muegge) (some citations omitted).

3

**DISCUSSION**

Plaintiff's argument that other courts "have not found [Plaintiff's] allegations to be" 28 U.S.C. § 1915(e)(2)(B)(i), (ii), or (iii) is liberally construed as an argument that the magistrate judge erred in his determination that Plaintiff's claims are meritless, fanciful, fantastic, or delusional. See Objection at 1 (some capitalization omitted); see also Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam))).

A. **Frivolous Claims**

"[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325. Other district courts have found that Plaintiff "'is a serial filer of frivolous litigation in various federal courts across the country.'" Grant v. Cent. Intelligence Agency, Case No. 19-cv-13422, 2019 WL 6218676, at *1 (E.D. Mich. Nov. 21, 2019) (quoting Grant v. U.S. Dep.'t of Transportation, 2019 WL 1009408, at *1 (E.D. Tex. Jan. 28, 2019), *report and recommendation adopted at* 2019 WL 1003641 (E.D. Tex. Mar. 1, 2019)). The claims and allegations asserted by Plaintiff in his other cases are substantially similar, and often identical, to

the claims asserted here. Compare, e.g., Complaint at ¶ 58 ("Courtney Love killed Kurt Cobain." (emphasis omitted)), with Grant v. Cent. Intelligence Agency, 2019 WL 6218676, at *1 (E.D. Mich. Nov. 1, 2019) (stating the complaint in that case alleged "'Courtney Love killed Kurt Cobain'"). The United States District Court for the District of Utah found, regarding a complaint nearly identical to the instant Complaint:

> [Plaintiff]'s pleading contains a host of fanciful accusations. These range from individuals directing his dentist to "drill the enamel off" of his teeth, forcing [Plaintiff] "to stab Dr. Grant" his father and to "act gay for more than seven years", to the State of Illinois denying his prior civil rights complaint and retaliating against him. Other accusations include Dick Cheney lobbying for the invasion of Iraq and profiting off the war in Iraq. And, other claims of Hillary Clinton killing Vince Foster, O.J. Simpson being guilty of killing Nicole Brown Simpson and Ronald Goldman and the Central Intelligence Agency (CIA) killing John F. Kennedy. In short, [Plaintiff]'s complaint is frivolous. There is no interpretation of these assertions, along with the cadre of others he makes, that even under the most liberal construction possibly afforded a pro se plaintiff by which the court can decipher a cognizable claim. The complaint centers on baseless assertions of government conspiracy and is a collection of factual allegations that are fanciful, fantastic and delusional.

Grant v. Cent. Intelligence Agency, Case No. 2:19-cv-00736 DAK, 2019 WL 5847138, at *2 (D. Utah Oct. 17, 2019), *report and recommendation adopted*, 2019 WL 5802693 (Nov. 7, 2019).

Furthermore, the United States District Court for the Eastern District of Missouri concluded that,

> Plaintiff's claims are based upon allegations of espionage and conspiracy that are fanciful, fantastic, or delusional, or that rise to the level of the irrational or wholly incredible. The Court concludes that the allegations are clearly baseless as defined in Denton [v. Hernandez, 504 U.S. 25, 31 (1992)]. Additionally, this case appears to be part of a pattern of abusive litigation that plaintiff has recently engaged in all over the country. The Court will therefore dismiss the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Grant v. Cent. Intelligence Agency, No. 4:19-CV-2969-NAB, 2019 WL 6050830, at *2 (E.D. Mo. Nov. 15, 2019).

Plaintiff has filed at least two other complaints in this district court, both of which are nearly identical to the instant Complaint, and both of which were dismissed with prejudice. See Grant v. Cent. Intelligence Agency, CIVIL NO. 19-00592 JAO-WRP, 2019 WL 7038253 (D. Hawai`i Dec. 20, 2019); Grant v. U.S. Dep't of Def., CIVIL NO. 19-00663 JAO-WRP, 2019 WL 7116353 (D. Hawai`i Dec. 23, 2019). Plaintiff's appeals have been similarly dismissed as frivolous. See, e.g., Grant v. U.S. Dep't of Def., 763 F. App'x 321 (4th Cir. 2019) (per curiam) ("We have reviewed the record and find that this appeal is frivolous."). Here, Plaintiff's claims are identical or substantially similar to the claims in his previous filings. The magistrate judge's conclusion that Plaintiff's claims are

6

frivolous and the recommendation to dismiss the Complaint pursuant to § 1915(e)(2)(B)(i) are adopted.

**B.      Leave to Amend**

The Ninth Circuit has stated that, "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." <u>Lucas v. Dep't of Corr.</u>, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (citations omitted).

Here, Plaintiff is not entitled to notice of the Complaint's deficiencies and opportunity to amend because it is absolutely clear no amendment can cure the defects presented in the outrageous and nonsensical claims in the Complaint. The Complaint is incurably frivolous. <u>See</u> <u>Grant v. Cent. Intelligence Agency</u>, 2019 WL 5847138, at *2 (D. Utah Oct. 17, 2019) ("Such is the case here under any reading of [Plaintiff]'s factual assertions, it is clear any amendment would be futile."). Therefore, the magistrate judge's recommendation that the Complaint be dismissed with prejudice is adopted.

## CONCLUSION

On the basis of the foregoing, Plaintiff's objections to the magistrate judge's September 16, 2019 Findings and Recommendation to Grant Plaintiff's Application to Proceed Without Prepayment of Fees and Dismiss the Complaint with

Prejudice, which Plaintiff filed September 26, 2019, are hereby denied.  The magistrate judge's F&R is HEREBY ADOPTED in its entirety.  Plaintiff's Civil Liberties Complaint, filed September 10, 2019, is HEREBY DISMISSED WITH PREJUDICE.  There being no claims remaining in this case, the Clerk's Office is DIRECTED to enter final judgment and close the case on **March 16, 2020**, unless Plaintiff files a motion for reconsideration of the instant Order by **March 13, 2020**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, February 27, 2020.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**WILLIAM LEE GRANT II VS. SPECIAL COLLECTION SERVICE, ET AL; CV 19-00493 LEK-WRP; ORDER DENYING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND DISMISS THE COMPLAINT WITH PREJUDICE**